**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **Cr. No. GLR-23-026** |
| **RYAN DALES** | * | |
| **Defendant** | * | |
| **For: RYAN DALES** | * | |

**DEFENDANT'S MOTION TO WITHDRAW ARGUMENT II IN DEFENDANT'S**
**MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO SUPPRESS**

RYAN DALES, by his undersigned counsel, respectfully submits this motion to withdraw the second argument in his motion for reconsideration, ECF 76, and as grounds states:

The second argument in the defendant's motion for reconsideration contends that because the affiant did not provide any basis for his statement that the IP address used in December, 2020, to file allegedly false applications under the Paycheck Protetion Program "resolved" to the Volunteers of America, the affidavit failed the requirments of *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969). ECF 76, pp. 6-11.   Therein, the defendant contended that there was nothing in the discovery that connected the IP address used with the VOA.   *Id*., at459 p.7, n. 7.

Rather promptly after receiving the defendant's filing, Government counsel pointed out the error in the motion - in fact the discovery, at page 31,305, did in fact contain a document from Verizon showing that the IP address used was associated with the VOA ("the Verizon document").   Defense counsel corrected the error with a supplement to the defense motion filed with the Court.   ECF 77.

Now, however, having reviewed the relevant case law, defendant moves to withdraw Argument II in light of the Verizon document coupled with the Fourth Circuit's holding that even if an affidavit fails to provide the required confirmation or source of an allegation, if that source exists outside the affidavit, and the allegation is correct, the trial court may consider materials outside the four corners of the affidavit to decide whether thee exceptions under *United States v. Leon*, 468U.S. 897, 925 (1984) apply.   In *United States v. McKenzie-Gude*, 671 F.3d 452 (4th Cir. 2011), the Court stated: "we have consistently rejected the notion that reviewing courts may not look outside the four corners of a deficient affidavit when determining, in light of all the circumstances, whether an officer's reliance on the issuing warrant was objectively reasonable."   *Id*., at 459.

As a result, the defendant seeks to withdraw his Argument II.   The defendant persists in Argument I and continues to ask this Court to reconsider its prior ruling on him motion to dismiss.

## CONCLUSION

WHEREFORE, RYAN DALES moves this Honorable Court to reconsider it denial of his motion to suppress and grant his motion.

Respectfully submitted,

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th of October, 2024, a copy of the foregoing was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos