**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **Cr. No. GLR-23-026** |
| **RYAN DALES** | * | |
| **Defendant** | * | |
| **For: RYAN DALES** | * | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF**
**MOTION TO SUPPRESS**

RYAN DALES, by his undersigned counsel, respectfully submits this reply to the Government's opposition to defendant's motion to reconsider the Court's denial of his motion to suppress evidence seized on January 20, 2023, in order the provide the Court with information not known to the defense at the hearing on May 3, 2024, and states:

The primary focus of the search warrant affidavit for ths January 20, 2023, search of the 900 E. Fort Avenue apartment was the search for Mr. Dales' cell phone; the Government suggested that it was looking on the phone for documents related to PPP fraud.[1]    The affidavit states "70. For the reasons listed above, I believe the TARGET TELEPHONE was utilized by DALES to commit violations of, and in furtherance of the TARGET OFFENSE."    Affidavit at p. 19, para. 70.    The suggestion was that when the PPP application was filed from the VOA IP address, Mr. Dales could have used his cell phone and, therefore, fraudulent documents could still be found on a cell phone in his

---

[1]    Any such documents, if they existed in paper form despite always being submitted electronically, were never connected to the Fort Avenue address, and were only related to the VOA address back to June, 2021, when Dales left the VOA.

possession two years later.    In fact, recent discovery now reveals that Mr. Dales never used his cell phone to contact Maryland's Labor Department while at the Volunteers of America.    Failure to advise the Magistrate Judge of these known facts misled the Judge and rendered the affidavit invalid.

Discovery provided in October, 2024, shows that prior to filing the affidavit, the affiant knew for a fact that Mr. Dales did not use his cell phone in December, 2020, with regard to the PPP application.    The PPP application was submitted to the Maryland Department of Labor ("MD DOL"), and, like any website, the MD DOL kept a record of the IP address used as well as whether a mobile device was used.    The affidavit affirmatively states that "According to MD DOL records, … an unemployment claim in DALES's name was submitted under the regular UI program, representing that DALES was self-employed. The IP address used for the application was 165.117.248.240…" Affidavit at para 31. (Emphasis added).    These MD DOL records show that MD DOL assisgned Mr. Dales an ID number of 11893651 to identify his claim.    The discovery from October, 2024, provided the MD DOL record for December, 2020, for the ID number 11893651.    That document is attached hereto as Exhbit 1.[2]    Therein, the MD DOL record has a column that is headed "mobile device" that shows the manner in which contact was made with the Department.

The entries for December 15, 2020, the date the alleged fraudulent application was filed show an "N"in the mobile device column for the VOA IP address listed for Dales' ID number.

---

[2]    For counsel's reference, the document in discovery is listed as "CLMT-ID-11893651 info.xlsx."    Defense counsel's copy does not have a Bates stamp number.

The Government's documents thus show that, contrary to prior argument, Dales did not use his cell phone for the December, 2020 submission.    In fact, Exhibit 1 reveals that Dales' cell phone was **never used** to contact MD DOL using the VOA IP address of 165.117.248.242.    *See* lines 2 to 15 in Exhibit 1.    Therefore, there was no reasonable ground to believe that anything that was submitted on December 15, 2020, was still on his phone, never having been there in the first instance.[3]  To suggest otherwise, as the affidavit did, was to mislead the Magistrate Judge - had the Judge been told affirmatively what the Government knew - that the cell phone was <u>not</u> used in December, 2020, the Judge likely would not have signed the search warrant authorizing an invasion of Dales residence more than two years later at a different address.[4]

**CONCLUSION**

WHEREFORE, RYAN DALES moves this Honorable Court to reconsider it denial of his motion to suppress and grant his motion.

Respectfully submitted,

---

[3]    The affidavit also alleges that Dales "reopened" his PUA claim in July, 2021, and that the claim was "supported by uploading documents…"   Affidavit at para. 34.   Those documents were not uploaded by Dales (and the affidavit does not allege that they were); in fact, they were given in person to the MD DOL and uploaded by the Department's office.   His cell phone was not used to upload anyhing in July, 2021.   Exhibit 1 shows that Dales did make contact with the Department with his cell phone, but not that he did anything illegal with those contacts..

[4]    The Government also asserts that the motion should be denies as untimely.   First, Local Rule 105.10 does not require rejection of a motion filed after the 14 day time period.   More importantly, the 14 days was impossible here- for CJA counsel to obtain the hearing transcript via Court approval took over 2 months.   In addition, in light of Dales' ongoing incarceration, commuication between counsel and client must be scheduled and only available when the jail has openings, unlike counsel meetings with defendants on release.   Finally, in the interests of justice, the motion should be considered and decided - if the Court agrees with the defendant, then Dales' Fourth Amendment rights were violated and such cannot be permitted based on a local timing rule.

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th of October, 2024, a copy of the foregoing was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos